### 3

Tom BARNES v. STATE.   (No. 9370.)
(Court of Criminal Appeals of Texas.   June 24, 1925.)   Appeal from District Court, Lamar County; Ben H. Denton, Judge.   Tom Garrard, State's Atty., and Grover C. Morris, Asst. State's Atty., both of Austin, for the State.

MORROW, P. J.   The offense is assault with intent to murder; punishment fixed at confinement in the penitentiary for a period of four years. The indictment, in regular form, charges that an assault was made upon John Northam. The case was tried before a jury, and upon the verdict rendered the judgment and sentence appear to have been regularly entered. The facts which were before the jury and the trial court are not brought here for review. A new trial was sought upon the ground of newly discovered evidence of certain persons. Some of these persons, according to the motion, would testify that the day after the assault they visited the locality and observed the condition of the fence and fence posts. The relation of the fence or posts to the assault or the evidence adduced on the trial is not re-

vealed by the motion for new trial, nor otherwise by the record. Nothing advising this court of the relevancy or materiality of the proposed testimony is before this court. It is therefore manifestly without knowledge of facts which would enable it to appraise the merits of the motion. One of the alleged new witnesses would have related a conversation with Henry Jones, in which Jones said he would send Tom Barnes to the penitentiary if he had to swear a lie. Jones may have been a witness and may have given material testimony for the state. This may have been a predicate for his impeachment by the purported statement. However, on these matters we are not advised by the record. The diligence to ascertain the purported knowledge of the witnesses mentioned antecedent to the trial is not set out. There are no bills of exception complaining of the rejection or admission of evidence. The judgment is affirmed.

---

**1**

Corine CARLES v. STATE. (No. 9550.) (Court of Criminal Appeals of Texas. June 24, 1925.) Appeal from District Court, Hale County; R. C. Joiner, Judge. Griffin & Overson, of Plainview, for appellant. Tom Garrard, State's Atty., and Grover C. Morris, Asst. State's Atty., both of Austin, for the State.

MORROW, P. J. Appellant was charged by indictment with the offense of murder. Upon conviction her penalty was assessed at confinement in the penitentiary for a period of ten years. We find no statement of the evidence adduced. In the transcript are some documents denominated bills of exceptions, but none of them are verified by the signature of the trial judge, nor otherwise as required by law. See article 744, C. C. P. We find nothing in the record which warrants or justifies a reversal of the judgment. It is therefore affirmed.

---

**2**

Monroe EDWARDS v. STATE. (No. 9184.) (Court of Criminal Appeals of Texas. June 10, 1925.) Appeal from District Court, Milam County; John Watson, Judge. Chambers, Wallace & Gillis, of Cameron, for appellant. Tom Garrard, State's Atty., and Grover C. Morris, Asst. State's Atty., both of Austin, for the State.

LATTIMORE, J. Conviction in district court of Milam county of manufacturing intoxicating liquor; punishment, one year in the penitentiary. No bill of exceptions was reserved to anything occurring during the trial. What purports to be an exception to the court's charge contains no certificate showing that it was ever presented. The matter embraced therein is of no merit, even if same had been presented. A recital of the facts would be of no value. Officers found appellant and one Jacobs apparently engaged in the manufacture of liquor. The operations, apparatus, etc., are fully described in the testimony. Appellant testified asserting that he went to the place where the still was to get some whisky, but that he had no connection with it. The evidence seems amply sufficient. The judgment will be affirmed.

**3**